IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL BATTLE, TORRICK HALL and SHANIKA HALL, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| SDG GLOBAL INC., an Illinois Corporation, | ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COME the Plaintiffs, Angel Battle, Torrick Hall and Shanika Hall, by and through their attorney, Sigi M. Offenbach of Pitler and Mandell, for their complaint against SDG Global Inc. ("Defendant") and state as follows:

### NATURE OF ACTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. §201ff ("FLSA"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2ff ("Wage Payment Act") for non payment of wages due and owing for work performed by each of the Plaintiffs.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, arising out of the FLSA, §216(b) and has jurisdiction over the Plaintiffs' state law claims based on supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district as the parties and the events giving rise to these causes of action occurred in this district.

## PARTIES

4. The Plaintiff, Angel Battle ("Battle"), is an adult resident of Cook County and the State of Illinois. Battle worked as a security guard for the Defendant from about June of 2016 to March of 2019.

5. The Plaintiff, Torrick Hall ("Torrick"), is an adult resident of Cook County and the State of Illinois. Torrick worked as a security guard for the Defendant from about January of 2016 until February of 2019.

6. The Plaintiff, Shanika Hall ("Shanika"), is an adult resident of Cook County and the State of Illinois. Shanika worked as a security guard for the Defendant from about March of 2017 to March of 2019.

7. The Defendant, SDG Global, Inc., is an Illinois corporation with its principal place of business located in Cook County, State of Illinois and is an enterprise as defined by the FLSA and is engaged in commerce within the meaning of the FLSA. The Defendant is an employer as defined under the Wage Payment Act and operates a security company in this district.

## COUNT I--BATTLE-- VIOLATION OF THE FLSA

8. Battle realleges and restates paragraphs 1 through 7 as though fully set forth herein.

9. Battle was an non-exempt employee under the FLSA of the Defendant as the Defendant provided uniforms to him, told him what hours to work, trained him as to his employment, directed his employment, had a supervisor over his work,

instructed him where to work, instructed him as to provide regular reports to the Defendant and had the right to discharge Battle.

10. Although Battle worked for the Defendant from March 7 through March 18, 2019, he was not paid at all.

11. Battle earned vacation pay for his work at the Defendant, but the Defendant has not paid the earned vacation pay.

12. From November 1, 2018 through March of 2019, Battle received cashier's checks for his work, but the Defendant did not take out the proper employee deductions, such as FICA, FUTA, Illinois State withholding and Medicare, and on information and belief, Defendant did not make the proper employer contributions.

13. Battle complained of the foregoing violations of the FLSA, but the Defendant did not respond.

WHEREFORE, the Plaintiff, Angel Battle, requests judgment against the Defendant as follows:

a. A judgment in the amount of the unpaid wages for all hours Battle worked and was not paid and unpaid vacation pay.

b. A judgment in the amount of unpaid contributions for the hours Battle worked and in which the Defendant did not provide the proper contributions.

c. Liquidated damages in an amount equal to the amount of unpaid wages and contributions which were due Battle.

d. Reasonable attorney's fees and costs incurred in filing the instant action.

e. Such other and further relief that this Court deems just and equitable.

## COUNT II–BATTLE–VIOLATION OF THE WAGE PAYMENT ACT

14. Battle realleges and restates paragraphs 1 through 13 above as though fully set forth herein.

15. This Count arises from the Defendant's violation of the Wage Payment Act for the Defendant's refusal to pay Battle his earned wages, earned vacation and proper employer contributions as alleged above.

16. Battle was not compensated for the time he worked in March of 2019 and the Defendant did not make the proper contributions for Battle.

17. The Defendant's failure to properly compensate Plaintiff is a violation of the Wage Payment Act.

WHEREFORE, the Plaintiff, Angel Battle, requests judgment against the Defendant as follows:

a. Judgment in the amount of back wages, vacation pay and back contributions.

b. Prejudgment interest and punitive damages as set forth in the Wage Payment Act.

c. Reasonable attorney's fees and costs as specified in the Wage Payment Act.

d. Such other relief that this Court deems just and equitable.

## COUNT III–TORRICK–VIOLATION OF THE FLSA

18. Torrick realleges and restates paragraphs 1 through 7 as though fully set forth herein.

19. Torrick was a non-exempt employee under the FLSA of the Defendant as the Defendant provided uniforms to him, told him when, where and how to work, provided training for him, directed his employment, had a supervisor over his work,

instructed him to provide regular reports to the Defendant and had the right to discharge him.

20. Torrick earned vacation pay for his work, but the Defendant never paid him for his earned vacation pay.

21. From November 1, 2018 through February 12, 2019, Torrick received cashier's checks for his work, but the Defendant did not take out the proper employee deductions, such as FICA, FUTA, Illinois State Withholding and Medicare and on information and belief, Defendant did not make the proper employer contributions.

22. Torrick complained of the foregoing violations of the FLSA, but the Defendant did not respond.

WHEREFORE, the Plaintiff, Torrick Hall, requests judgment against the Defendant as follows:

a. A judgment in the amount of the unpaid wages for all hours Torrick worked and was not paid and unpaid vacation pay.

b. A judgment in the amount of unpaid contributions for the hours Torrick worked and in which the Defendant did not provide the proper contributions.

c. Liquidated damages in an amount equal to the amount of unpaid wages and contributions which were due Battle.

d. Reasonable attorney's fees and costs incurred in filing the instant action.

e. Such other and further relief that this Court deems just and equitable.

## COUNT IV–TORRICK–VIOLATION OF THE WAGE PAYMENT ACT

23. Torrick realleges and restates paragraphs 1 through 7 and paragraphs 18 through 22 as though fully set forth herein.

24. This Count arises from the Defendant's violation of the Wage Payment Act for Defendant's refusal to pay Torrick his earned vacation pay and proper employer contributions as alleged above.

25. Torrick was not properly compensated and the Defendant did not make the proper contributions.

26. The Defendant's failure to properly compensate Torrick is a violation of the Wage Payment Act.

WHEREFORE, the Plaintiff, Torrick Hall, requests judgment against the Defendant as follows:

a. Judgment in the amount of back wages, vacation pay and back contributions.

b. Prejudgment interest and punitive damages as set forth in the Wage Payment Act.

c. Reasonable attorney's fees and costs as specified in the Wage Payment Act.

d. Such other relief that this Court deems just and equitable.

## COUNT V–SHANEKA–VIOLATION OF THE FLSA

27. Shaneka realleges and restates paragraphs 1 through 7 as though fully set forth herein.

28. Shaneka was a non-exempt employee under the FLSA of the Defendant as the Defendant provided uniforms to her, told her when, where and how to work, provided training for her, directed her employment, had a supervisor over her work,

instructed her to provide regular reports to the Defendant and had the right to discharge her.

29. Shaneka worked for the Defendant from February 18 to March 1, 2019 without any pay.

30. Shaneka earned vacation pay for her work at the Defendant, but the Defendant has not paid the earned vacation pay.

31. From November 1, 2018 through February 12, 2019, Shaneka received cashier's checks for some of the time worked, but the Defendant did not take out the proper employee deductions, such as FICA, FUTA, Illinois State Withholding and Medicare, and on information and belief, did not make the proper employer contributions.

32. Shaneka complained of the foregoing violations of the FLSA, but the Defendant did not respond.

WHEREFORE, the Plaintiff, Shaneka Hall, requests judgment against the Defendant as follows:

a. A judgment in the amount of the unpaid wages for all hours Shaneka worked and was not paid and unpaid vacation pay.

b. A judgment in the amount of unpaid contributions for the hours Shaneka worked and in which the Defendant did not provide the proper contributions.

c. Liquidated damages in an amount equal to the amount of unpaid wages and contributions which were due Shanika.

d. Reasonable attorney's fees and costs incurred in filing the instant action.

e. Such other and further relief that this Court deems just and equitable.

## COUNT VI–SHANEKA–VIOLATION OF THE WAGE PAYMENT ACT

33. Shaneka realleges and restates paragraphs 1 through 7 and paragraphs 27 through 32 as though fully set forth herein.

34. This Count arises from the Defendant's violation of the Wage Payment Act for the Defendant's refusal to pay Shaneka her earned wages, vacation pay and make the proper employer contributions as alleged above.

35. Shaneka was not properly compensated for the time she worked in February 2019 and the Defendant did not make the proper contributions for Shaneka.

36. The Defendant's failure to properly compensate Shaneka is a violation of the Wage Payment Act.

WHEREFORE, the Plaintiff, Shaneka Hall, requests judgment against the Defendant as follows:

a. Judgment in the amount of back wages, vacation pay and back contributions.

b. Prejudgment interest and punitive damages as set forth in the Wage Payment Act.

c. Reasonable attorney's fees and costs as specified in the Wage Payment Act.

d. Such other relief that this Court deems just and equitable.

Submitted by:

**ANGEL BATTLE, TORRICK HALL and SHANEKA HALL**

By: _____
One of their Attorneys

Sigi M. Offenbach
Pitler and Mandell
33 North LaSalle Street, Suite 2700
Chicago, Illinois 60602
312/782-9466   sigi@pitlerandmandell.com