IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL BATTLE, et al., | ) |
| *Plaintiffs,* | ) ) ) |
| v. | ) No. 19 C 02326 ) |
| SDG Global Inc., | ) Judge Virginia M. Kendall ) |
| *Defendant.* | ) ) ) ) |

## ORDER

    Plaintiffs Angel Battle, Torrick Hall, and Shanika Hall commenced this lawsuit in April of 2019. Plaintiffs brought claims under the Fair Labor Standards Act, 29 U.S.C. § 201, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2. (Dkt. 1). Plaintiffs attempted to serve Defendant multiple times to no avail. Accordingly, the Court granted Plaintiffs' motion for entry of default after Defendant failed to appear or answer. (Dkt. 9). Over a month later, and more than three months after the deadline to file an answer, Defendant finally filed an appearance on the Court's docket and sought to vacate the entry of default against it. (Dkt. 13). The Court denied that motion for failure to show good cause. (Dkt. 18). Subsequently, the Court held a prove-up hearing on Plaintiffs' Motion for Default Judgment for the sole purpose of determining damages. (Dkt. 24). As detailed within, the Court finds damages in the amount of $2,182.00, $2,261.00, and $9,909.30 pertaining to Angel Battle, Torrick Hall, and Shanika Hall, respectively.

    "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004). A default judgment establishes that defendants are, in fact, liable for the counts alleged in the complaint and considers all factual allegations as true. *e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 602 (7th Cir. 2007). Where, as here, a default is entered due to a party's failure to appear or defend, "the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt,* 368 F.3d at 793 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999)).

At the damages prove-up hearing, the Court heard testimony from Plaintiffs Angel Battle, Torrick Hall, and Shanika Hall, along with Christian Daigre, Defendant's Chief of Staff. In conjunction with their Motion, Plaintiffs also submitted affidavits attesting to their damages. (Dkt. 10). However, at the hearing, the Plaintiffs testified to damages amounts that had been recalculated since the filing of the affidavits some four months ago. Specifically, Plaintiffs testified to their hours worked, hourly rates, expected vacation days, unpaid wages, and unpaid employer contributions. For its part, Defendant focused its examination on defending against the merits of Plaintiffs' allegations. Though, as the Court noted during the hearing, such a strategy was misplaced. The allegations within Plaintiffs' Complaint are well-pleaded and the only question before the Court at this stage is one of ascertaining damages. *Wehrs v. Wells,* 688 F.3d 886, 892 (7th Cir. 2012) ("[A] defaulting party has no right to dispute the issue of liability.") (internal quotations omitted). By failing to file a responsive pleading to the Complaint, Defendant waived the defenses it attempted to "back-door" at the prove-up hearing. *Id.*

Plaintiffs credibly testified under oath as to their damages. Angel Battle testified that he never received $400.00 in unpaid vacation, $360.00 for work he performed in his last pay period, and $331.00 in employer contributions for a damages total of $1,091.00. Torrick Hall testified that he never received $400.00 for owed vacation time and $730.50 in unpaid employer contributions for a damages total of $1,130.50. Both Angel Battle and Torrick Hall sufficiently testified to their damages amount and how they calculated said amounts. Shanika Hall testified that she was owed $450.00 in vacation time, $2,377.00 in unpaid wages, and $3,584.64 in unpaid contributions. Included in her claim for unpaid wages was a check she received for the February 18, 2019 to March 3, 2019 pay period in the amount of $1,457.00. At the prove-up hearing Ms. Hall admitted that Defendant paid her this check. Unfortunately, the cashier's check was either lost or stolen, but ultimately never cashed by Ms. Hall. Because the loss of this check is not reasonably attributable to Defendant, the amount will be deducted from the $2,377.00 Ms. Hall seeks in unpaid wages. Thus, Ms. Hall's well-pleaded damages total amounts to $4,954.64. Under the FLSA, liquidated damages are mandatory. *Jackson v. Go-Tane Serv., Inc.,* 56 F. App'x 267, 273 (7th Cir. 2003); *see also* 29 U.S.C. § 260. Accordingly, all Plaintiffs are entitled to double their damages.

Finally, Plaintiffs' Motion purports to seek reasonable attorney's fees in the amount of $8,500. Further, at the prove-up hearing, counsel mentioned a figure of $16,606.50 of fees and costs. While the FLSA does permit victorious Plaintiffs to recover attorney's fees, Plaintiffs' counsel attached no accounting of his fees to the Motion and conceded at the hearing that the $16,606.50 he presented at closing argument was not an up-to-date account of his fees. 29 U.S.C. § 216. Therefore, Plaintiffs' counsel shall file a detailed accounting of his reasonable attorney's fees and costs on the Court's docket within two weeks of the entry of this Order for the Court's review. *See* Fed. R. Civ. P. 54; Local Rule 54.3.

      For the reasons detailed within, Plaintiffs' Motion for Default Judgment is granted. (Dkt. 10). Consistent with the well-pleaded allegations in the Complaint, Plaintiffs' affidavits, and sworn testimony, Plaintiffs are entitled to damages in the amounts of $2,182 (Angel Battle), $2,261 (Torrick Hall), and $9,909.30 (Shanika Hall). Should Plaintiffs wish to seek attorneys' fees, they shall submit an accounting of reasonable attorney's fees and costs within two weeks of the entry of judgment.

                                                          _____
                                                          Virginia M. Kendall
                                                          United States District Judge

Date: December 12, 2019