# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANGEL BATTLE, TORRICK HALL, and SHANIKA HALL ) ) ) *Plaintiffs*, ) ) v. ) ) SDG GLOBAL, INC., ) ) *Defendant*. ) ) | No. 19 C 2326<br><br>Judge Virginia M. Kendall |

## ORDER

On December 12, 2019, the Court entered judgment against Defendant in this Fair Labor Standards Act ("FLSA") case. (Dkt. 26.) The aggregate judgment across the three plaintiffs was $14,352.30. The FLSA permits victorious plaintiffs to recover a reasonable amount in attorneys' fees. 29 U.S.C. § 216(b). Plaintiffs' counsel then submitted an accounting of fees, claiming $18,410 in attorney's fees for 54.7 attorney hours worked (billed at $350 per hour) and $611.50 in costs. (Dkt. 27) Defendant objects to this accounting on the grounds that it includes block-billing entries, entries that are insufficiently descriptive or vague, entries for administrative tasks like scanning, assembling, and copying documents, and charges an excessive amount of time for the work described.

The Court finds that Defendant's objections are well-founded. For example, several of the time entries include language like "long call" or "long meeting" with someone, without a description of the purpose or nature of the call or meeting. The Accounting also includes many references to clerical tasks like "organize documents," "make copies," "scan documents," "print out order," and "assemble documents." Most of these entries are mixed into single block-billing entries with other more substantive work. Almost all of the time entries in Plaintiffs' accounting suffer from some deficiency (e.g., vagueness, block-billing, or inclusion of clerical tasks). These deficiencies make it difficult for the Court to determine the reasonableness of each entry.

When a fee petition is "vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000); *see also Smith v. Altman*, 12 CV 4546, 2015 WL 5675376, at *7 (N.D. Ill. Sept. 21, 2015) (reducing an attorney's requested fee by 50% for failure to provide sufficient detail as to the reasonableness of the time charged). In calculating appropriate attorneys' fee awards in FLSA cases, courts do not permit recovery for many of the administrative tasks described in the instant petition. *See Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999) (holding that simple administrative tasks that could easily have been performed by

a secretary are not recoverable). Likewise, courts discourage block-billing because it makes it difficult to decipher the number of hours attributable to particular tasks to determine whether the amount of time spent on each task was reasonable. *See, e.g.*, *Tomazzoli v. Sheedy*, 804 F.2d 93 (7th Cir. 1986); *Bretford Mfg. v. Smith Sys. Mfg.*, 421 F.Supp.2d 1117 (N.D. Ill. 2006) (noting that the problem with block-billing is that "when the time records do not describe tasks with particularity, and do not reveal the amount of time claimed to have been spent on each particular task, the judge is in no position to make a reasonable estimate of the amount of time that should have been required").

The instant fee petition suffers from many flaws that make it impossible for the Court to determine the reasonableness of the accounting. Accordingly, the Court exercises its discretion to reduce the requested amount by a reasonable percentage. *See Harper*, 223 F.3d at 605. Given that almost all of time entries listed in the accounting suffer from one or multiple deficiencies, the Court finds that a 50% reduction in the fee amount is reasonable. The Court therefore reduces the requested attorneys' fee amount from $18,410 to $9,205. Plaintiffs' costs of $611.50 are reasonably documented, so the Court will not adjust that amount.

Defendant is ordered to pay $9,816.50 in fees and costs.

Date: January 29, 2020

Hon. Virginia M. Kendall
United States District Judge